UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEMUEL M. JOYNER,
    Plaintiff,

v.

MERS, PATHWAY FINANCIAL LLC.,
PRESIDENT MILO LOOP,
CITIMORTGAGE INC., CFO PAUL INCE,
and ORLANS ASSOCIATES P.C.,
    Defendants,
_____/

Case No. 10-10912
Honorable Patrick J. Duggan

**OPINION AND ORDER**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 27, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Lemuel Joyner ("Plaintiff") filed the present lawsuit on March 8, 2010. Presently before the Court are three separate motions: a Motion to Dismiss from Defendant Orlans Associates P.C. ("Orlans"), another Motion to Dismiss from Defendant Paul Ince, and a Motion for Judgment on the Pleadings from Defendants MERS and CitiMorgage Inc. ("CitiMortgage"). Additionally, on July 16, 2010, the Court issued an order that Plaintiff show cause as to why Pathway Financial LLC ("Pathway") and its president Milo Loop should not be dismissed for lack of service. Plaintiff responded to the show cause order on July 28, 2010. The Court dispensed with oral argument on the motions pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) on July 19, 2010. The Court addresses both the show cause order and the pending motions below.

**I. Factual and Procedural Background**

Plaintiff, acting *pro se*, filed the present lawsuit on March 8, 2010, making various allegations related to a promissory note and a related mortgage held on real property. Generally, Plaintiff asserts that defendants wrongfully failed to validate any debt allegedly owed by Plaintiff, wrongfully attempted to enforce the promissory note, wrongfully collected and retained payments from Plaintiff, and wrongfully initiated the foreclosure process against the property. Plaintiff's claims appear to rely primarily on his assertion that CitiMortgage never obtained a proper assignment and, therefore, is not a holder in due course of the promissory note.

Ultimately, Plaintiff demands, among other things, that defendants validate the alleged debt, mark the promissory note as satisfied and paid in full, refund all payments made thereon, and return Plaintiff's original, blue-ink signature as contained on the original documents. In support of his claims, Plaintiff refers to and discusses various provisions of the Uniform Commercial Code ("UCC"), the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), and caselaw from a variety of jurisdictions.

On March 29, 2010, Ince and Orlans filed their motions to dismiss. Plaintiff responded to both motions on April 22, 2010. Ince filed a reply on May 7, 2010, to which Plaintiff sur-replied on May 24, 2010. CitiMortgage and MERS filed their motion for judgment on the pleadings on May 11, 2010. Though Plaintiff failed to respond to that motion, the Court will consider his arguments made in response to the other motions. Finally there is the show cause order to which Plaintiff filed his response on July 28, 2010. The Court addresses these matters in order of efficiency rather than chronology.

## II. Show Cause Order: Failure to Serve

On July 16, 2010, this Court ordered that Plaintiff show cause as to why Pathway and Loop should not be dismissed without prejudice for failure to serve those defendants within 120 days of the complaint. *See* Fed. R. Civ. P. 4(m). In his response, Plaintiff concedes that those defendants have not been served but nonetheless argues they should not be dismissed from the case. Specifically Plaintiff asserts that he spoke with Loop regarding his mortgage and loan "via internet messaging" on November 15, 2009. Additionally, Plaintiff notes that Pathway is no longer in business.

The aforementioned facts do not give this Court authority or jurisdiction to enter any form of relief against Pathway or Loop. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Therefore, based on Plaintiff's failure to effect service, Pathway and Loop are dismissed without prejudice.

## III. Ince's Motion to Dismiss

In his separate motion, Ince, the Chief Financial Officer of CitiMortgage, seeks dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure require that a pleading that states a claim for relief contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). A defendant may be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2), even without an evidentiary hearing, where the pleadings and affidavits fail to demonstrate a prima facie showing of jurisdiction. *CompuServe Inc. v.*

*Patterson*, 89 F.3d 1257, 1262 (1996). In determining whether a prima facie showing has been made, the Court considers the pleadings and affidavits in the light most favorable to Plaintiff and does not consider controverting assertions by Ince. *Id.*

Personal jurisdiction over a defendant in a federal question case "exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (internal quotation omitted). Michigan's long-arm statute is coterminous with the reach of due process, making the two inquiries one and the same. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).

"Personal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Air Prods. & Controls, Inc. v. Safetech Int'l Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945)). In this analysis, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183 (1985). The emphasis of this inquiry, in turn, "is whether the defendant has engaged in some overt actions connecting the defendant with the forum state." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 479 (6th Cir. 2003) (quotation omitted). Ultimately, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444

U.S. 286, 297, 100 S. Ct. 559, 567 (1980). And where jurisdiction is to be asserted over an individual officer of a corporation, jurisdiction "cannot be predicated merely upon jurisdiction over the corporation;" it must instead "depend on traditional notions of fair play and substantial justice; i.e., whether [the officer] purposely availed [himself] of the forum and the reasonably foreseeable consequences of that availment." *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000) (quotation omitted).

There are no allegations in the Complaint creating a prima facie showing of personal jurisdiction over Ince. In fact, the only place Ince's name appears in the Complaint is in the case caption. In response to Ince's motion, Plaintiff asserts that he sent numerous communications to the attention of Ince at CitiMortgage and that Ince had the opportunity to gain knowledge of and the authority to act on Plaintiff's account. Then, in his sur-replay Plaintiff argues, "[T]his Court should hold the CFOs accountable for the crimes committed by the *ens legis*."[1] (Pl.'s Sur-Reply at 3.)

These arguments are insufficient to justify the exercise of personal jurisdiction over Ince. Such arguments attempt to justify the exercise of jurisdiction based solely on Ince's position as Chief Financial Officer of CitiMortgage. Personal jurisdiction over an individual officer of a corporation, however, cannot be predicated on such grounds. Nowhere in the Complaint nor in Plaintiff's response are there allegations or evidence that Ince was directly involved with Plaintiff's account or otherwise purposefully availed himself of this forum.

---

[1]"*Ens legis*" means "a creature of the law; an artificial being as opposed to a natural person." Black's Law Dictionary (8th ed. 2004). In this context, Plaintiff presumably refers to CitiMortgage.

Pursuant to the traditional notions of fair play and substantial justice, then, the Court grants Ince's motion to dismiss for lack of personal jurisdiction.[2]

**IV. Orlans's Motion to Dismiss**

Next, Orlans seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept

---

[2]As an alternative to his personal jurisdiction argument, Ince seeks dismissal on grounds that Plaintiff failed to state a claim against him. Because Plaintiff failed to specifically allege wrongdoing by Ince in the Complaint, the Court agrees that dismissal would be appropriate on this separate ground.

the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 504, 514 (6th Cir. 1999).

In applying the aforementioned standards to this case, the Court must keep in mind that Plaintiff is proceeding *pro se*. *Pro se* plaintiffs are held to less stringent pleading standards than attorneys, and defendants are entitled to dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972) (quotation omitted).

In its motion to dismiss, Orlans argues that the Complaint fails to state a claim against it upon which relief can be granted. The Court agrees. There are no specific allegations of wrongdoing by Orlans in the Complaint. In other words, there is no factual content in the Complaint that allows the Court to draw a reasonable inference that Orlans is liable for misconduct. As such, the Court grants Orlans's motion to dismiss.

**V. MERS and CitiMortgage's Motion for Judgment on the Pleadings**

Finally, MERS and CitiMortgage have moved for judgment on the pleadings. A motion for judgment on the pleadings pursuant to rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). MERS and CitiMortgage argue that Plaintiff fails to state any plausible claim for relief.

**A. MERS**

Insofar as MERS is named as a defendant in this case, the Court agrees that Plaintiff fails to state a plausible claim. In the Complaint, Plaintiff alleges that MERS improperly assigned the promissory note to CitiMortgage and that MERS lacks standing to pursue relief against Plaintiff. In regard to the allegedly improper assignment, MERS and CitiMortgage produced a copy of the promissory note containing an endorsement from Pathway to CitiMortgage.[3] (Mot. for J. Ex. A.) This renders Plaintiff's claim of improper assignment implausible. As to the issue of standing, MERS is not seeking relief against Plaintiff in this case and, to the extent that MERS may be seeking relief against Plaintiff elsewhere, Plaintiff must challenge MERS's standing within the context of that proceeding. For these reasons, the Court grants the motion for judgment on the pleadings as to MERS.

**B. CitiMortgage**

The bulk of the allegations in the Complaint appear to be directed against CitiMortgage.

---

[3] The Court may consider the promissory note in deciding this motion because it is a document referred to in the Complaint and essential to Plaintiff's claim. *See Greenberg*, 177 F.3d at 514.

Plaintiff specifically alleges violations of the UCC related to what Plaintiff asserts was an improper assignment of the promissory note to CitiMortgage. As previously indicated, however, CitiMortgage produced a copy of the promissory note reflecting Pathway's endorsement thereof to CitiMortgage. Therefore, any claims asserted by Plaintiff in the Complaint related to improper assignment are implausible. Additionally, given Pathway's assignment of the promissory note to CitiMortgage, Plaintiff's claim that CitiMortgage lacks standing to enforce the promissory is without merit.[4] And, like the standing claim against MERS, Plaintiff's lack of standing claim is not relevant to the present action where it is Plaintiff seeking relief against CitiMortgage, not the other way around.

Plaintiff's Complaint also appears to assert claims under certain federal statutes. At one point, the Complaint refers to the FDCPA but it remains unclear how CitiMortgage or any other defendant is alleged to have violated that act. Therefore, all FDCPA claims are dismissed. Next Plaintiff alleges that he rescinded the loan associated with his mortgage pursuant to the TILA on or about July 19, 2009 and October 7, 2009. Plaintiff alleges that he was entitled to rescind the loan based on inaccuracies in the TILA disclosures he received, but he fails to identify the content of the alleged inaccuracies. As argued by CitiMortgage, any TILA claims asserted by Plaintiff are time barred. The TILA imposes a one-year statute of limitations on actions for damages and a three-year statute of repose for rescission. *See* 15 U.S.C. §§ 1635(f), 1640(e). Plaintiff's loan and mortgage originated on June 29, 2006,

---

[4]Plaintiff also appears to claim that the promissory note cannot be enforced because Pathway, his original lender, has gone out of business. Plaintiff presents no legal support for such a claim.

making any attempt to rescind after June 29, 2009, invalid. Therefore, to the extent Plaintiff has alleged a TILA claim, it is dismissed.

Finally, the Court believes that Plaintiff may be attempting to assert a claim under the Real Estate Settlement Procedures Act ("RESPA") that CitiMortgage failed to address in its motion. In the Complaint, Plaintiff demands, among other things, that CitiMortgage "[v]erify the purported debt." Then, in response to the present motions, Plaintiff asserts that he sent two requests to CitiMortgage for "detailed validation of the purported debt," but CitiMortage failed to respond in the "time allotted." Plaintiff submitted copies of the letters allegedly sent. One includes in its title, "RESPA Qualified Written Request," while the other is identified, in part, as a "Qualified Written Request."

The RESPA imposes certain response requirements on loan servicers who receive borrower inquiries. 12 U.S.C. § 2605(e). As noted above, however, CitiMortgage is the holder of the promissory note related to Plaintiff's mortgage. Plaintiff makes no allegation that CitiMortgage is the loan servicer subject to the RESPA's qualified written request requirements. Therefore, the Court agrees with CitiMortgage that the Complaint fails to state a plausible claim for relief against it.

## VI. Conclusion

The various defendants in this case are all entitled to dismissal on one ground or another: Plaintiff failed to serve Pathway and Loop; this Court lacks personal jurisdiction over Ince; and Plaintiff failed to state a claim upon which relief can be granted against Orlans, MERS, and CitiMortgage.

Accordingly,

10

**IT IS ORDERED** that Pathway and Loop are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Paul Ince's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Orlans's Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that MERS and CitiMortgage's Motion for Judgment on the Pleadings is **GRANTED**.

A judgment consistent with this order shall enter.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Lemuel M Joyner
15435 Ashton
Detroit, MI 48223

Krista L. Lenart, Esq.
Timothy B. Meyers, Esq.